# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| JERICH USA, INC.<br>1 Industrial Road, Suite 102<br>Dayton, New Jersey 08810<br><br>Plaintiff,<br><br>vs.<br><br>ACE TRANSPORT MIAMI, LLC<br>14331 Commerce Way<br>Miami Lakes, Florida 33016<br>c/o Leoncio & Associates, LLC, Registered Agent<br><br>Defendant. | CASE NO. 1:24-cv-20697<br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

For its complaint against Defendant Ace Transport Miami, LLC ("Defendant"), Plaintiff Jerich USA, Inc., ("Jerich") states as follows:

## PARTIES

1. Jerich is a New Jersey corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 285 Ridge Road, Suite 1, Dayton, New Jersey 08810.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 10700 NW 36 Avenue, Suite 1, Miami, Florida, 33167 and 14331 Commerce Way, Miami Lakes, Florida, 33016.

3. Jerich is a logistics solutions corporation.

4. Upon information and belief, Defendant is a warehouse business, located in Miami, Florida.

## JURISDICTION VENUE AND APPLICABLE LAW

5. This Court possesses original jurisdiction over this action under 28 U.S.C. § 1441(a) pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction) inasmuch as:

(a) Jerich is a New Jersey corporation with a principal place of business in New Jersey;

(b) Defendant is a Florida corporation with a principal place of business in Florida.

(c) As set forth more fully below, Jerich seeks relief in excess of $75,000.

6. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391 because Defendant operates in this District and Defendant conducted activity in this District that gave rise to Jerich's claim for relief.

## FACTS COMMON TO ALL COUNTS

7. Jerich arranged for Defendant to unload, palletize, shrink wrap, cross dock, and warehouse shipments of pallets of paper products (the "Goods") for Jerich and Jerich's customer, Liberty Paper ("Liberty").

8. Jerich agreed to pay all warehouse storage fees to Defendant.

9. Defendant, as warehouseman, agreed to store the Goods and keep the Goods in good condition.

10. Defendant, as warehouseman, had a duty to store and keep the Goods free from damage and in good condition.

11. The Goods arrived at Defendant's warehouse in good condition.

12. Defendant and Jerich agreed to have Defendant warehouse the Goods at Defendant's facility in Miami, and Jerich agreed to pay all warehouse storage fees to Defendant.

23938372 v1

13. Defendant and Jerich agreed a warehouse storage rate of $7.25 per pallet of Goods, per month, as of June 2020.

14. Shortly thereafter, Defendant and Jerich agreed to an increase warehouse storage rate of $10.00 per pallet of Goods.

15. On November 1, 2020, Defendant notified Jerich that the per pallet warehouse storage rate would increase to $20.00 per pallet of Goods, per month.

16. Defendant and Jerich later agreed to a $25.00 per pallet of Goods, per month, warehouse storage rate as of September 1, 2021.

17. Jerich made all warehouse payments to Defendant from June 2020 to May 2023.

18. Defendant accepted Jerich's monthly payments from June 2020 to May 2023.

19. In or around July 2022, Liberty determined that the Goods and the pallets were in poor condition and damaged, in that, among other things, they were dirty and moldy.

20. The Goods were damaged when while warehoused by Defendant at Defendant's facility.

21. Liberty sold some of the Goods at a devalued price due to the poor condition of the Goods.

22. However, some of the Goods were so damaged to be rendered completely valueless.

23. Liberty made a claim with Jerich for damage to the Goods, along with warehousing, storage and other costs, totaling $195,845.20.

24. Defendant warehoused the Goods and Defendant's failure to exercise reasonable care caused damage to the Goods.

25. The Goods were damaged while warehoused with Defendant—while in Defendant's possession and control, as warehouseman.

26. Jerich paid all monthly warehouse storage charges to Defendant, in excess of $300,000.00.

27. Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

## COUNT ONE
### (*Breach of Warehouse Agreement*)

28. Jerich adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

29. Defendant is a warehouse, engaged in the business of storing goods for hire.

30. Jerich arranged for Defendant to unload, palletize, shrink wrap, cross dock, and warehouse the Goods for Jerich and Liberty.

31. Jerich agreed to pay all warehouse storage fees to Defendant.

32. Defendant, as warehouseman, agreed to store the Goods and keep the Goods in good condition.

33. The Goods were delivered to Defendant in good condition.

34. The Goods remained in the care, custody and control of Defendant from June 2020 to May 2023.

35. Jerich paid monthly warehouse storage fees to Defendant, in excess of $300,000.00.

36. The Goods were damaged while in the care, custody and control of Defendant because the Goods became in poor condition while warehoused with Defendant.

37. Defendant failed to prevent damage to the Goods.

38. Jerich's customer, Liberty, found the Goods in poor condition and made a claim with Jerich for the value of the Goods, along with warehousing, storage and other costs, totaling $195,845.20.

39. Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

**COUNT II: UNJUST ENRICHMENT**
*(Pled in the Alternative to Count I)*

40. Jerich adopts and incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully rewritten herein.

41. Defendant is a warehouse, engaged in the business of storing goods for hire.

42. Defendant, as warehouseman, agreed to store the Goods and keep the Goods in good condition.

43. The Goods were delivered to Defendant in good condition.

44. Jerich paid monthly warehouse storage fees to Defendant, in excess of $300,000.00.

45. Defendant voluntarily accepted Jerich's monthly payments.

46. Defendant was enriched, receiving the benefit of monthly payments, at the expense of Jerich.

47. The Goods were damaged while in the care, custody and control of Defendant.

48. Defendant failed to prevent damage to the Goods.

49. It would be against equity and good conscience to permit Defendant to be unjustly enriched when Defendant failed to prevent damage to the Goods.

50. Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

**WHEREFORE**, Jerich USA, Inc. respectfully prays for judgment as follows:

23938372 v1

A. For damages related to the damage to the Goods, in an amount to be proven at trial but believed to be in excess of $75,000 plus reasonable attorney fees and costs;

B. For prejudgment interest to the extent permitted by law; and

C. For such other and further relief as the Court may deem just and proper.

Dated: February 22, 2024

**OF COUNSEL:**

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Respectfully submitted,

*/s/ Justin M. Lovdahl*
JUSTIN M. LOVDAHL (FL No. 1008836)
ERIC LARSON ZALUD (*pro hac vice forthcoming*)
CLARE R. TAFT (*pro hac vice forthcoming*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
Email:  jlovdahl@beneschlaw.com
           ezalud@beneschlaw.com
           ctaft@beneschlaw.com

*Attorneys for Plaintiff Jerich USA, Inc.*

23938372 v1

## **DEMAND FOR JURY TRIAL**

Plaintiff Jerich USA, Inc. hereby demands a jury trial in the above-entitled action.

| | |
|---|---|
| **OF COUNSEL:**<br><br>**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** | Respectfully submitted,<br><br>*/s/ Justin M. Lovdahl*<br>JUSTIN M. LOVDAHL (FL No. 1008836)<br>ERIC LARSON ZALUD (*pro hac vice forthcoming)*<br>CLARE R. TAFT (*pro hac vice forthcoming*)<br>**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**<br>127 Public Square, Suite 4900<br>Cleveland, Ohio  44114<br>Telephone:  (216) 363-4500<br>Facsimile:  (216) 363-4588<br>Email:  jlovdahl@beneschlaw.com<br>            ezalud@beneschlaw.com<br>            ctaft@beneschlaw.com<br><br>*Attorneys for Plaintiff Jerich USA, Inc.* |

23938372 v1