## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| JERICH USA, INC.<br>1 Industrial Road, Suite 102<br>Dayton, New Jersey 08810 | )    CASE NO.:  1:24-cv-20697-DPG<br>)<br>)    JUDGE:  DARRIN P. GAYLES<br>) |
|           Plaintiff, | )<br>) |
|    vs. | )<br>) |
| | )    **FIRST AMENDED COMPLAINT** |
| ACE TRANSPORT MIAMI, LLC<br>14331 Commerce Way<br>Miami Lakes, Florida 33016<br>c/o Leoncio & Associates, LLC, Registered<br>Agent | )    **(Jury Demand Endorsed Hereon)**<br>)<br>)<br>)<br>)<br>) |
|           Defendant. | )<br>) |

For its First Amended Complaint against Defendant Ace Transport Miami, LLC ("Defendant"), Plaintiff Jerich USA, Inc., ("Jerich") states as follows:

### PARTIES

1. Jerich is a New Jersey corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 285 Ridge Road, Suite 1, Dayton, New Jersey 08810.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 10700 NW 36 Avenue, Suite 1, Miami, Florida, 33167 and 14331 Commerce Way, Miami Lakes, Florida, 33016.

3. Jerich is a logistics solutions corporation.

24466242 v1

4.      Upon information and belief, Defendant is a warehouse business, located in Miami, Florida.

## JURISDICTION VENUE AND APPLICABLE LAW

5.      This Court possesses original jurisdiction over this action under 28 U.S.C. § 1441(a) pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction) inasmuch as:

(a)      Jerich is a New Jersey corporation with a principal place of business in New Jersey;

(b)      Defendant is a Florida corporation with a principal place of business in Florida.

(c)      As set forth more fully below, Jerich seeks relief in excess of $75,000.

6.      Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391 because Defendant operates in this District and Defendant conducted activity in this District that gave rise to Jerich's claim for relief.

## FACTS COMMON TO ALL COUNTS

7.      Jerich and Defendant entered into an oral agreement (the "Agreement") whereby Defendant would unload, palletize, shrink wrap, cross dock, and warehouse in good condition shipments of pallets of paper products (the "Goods") for Jerich and Jerich's customer, Liberty Paper ("Liberty"); Jerich agreed to pay all warehouse storage fees to Defendant.

8.      The Goods arrived at Defendant's warehouse in good condition.

9.      Per the Agreement, Defendant and Jerich agreed to have Defendant warehouse the Goods at Defendant's facility in Miami, and Jerich agreed to pay all warehouse storage fees to Defendant.

10.      Defendant and Jerich later modified the Agreement, when they agreed to a warehouse storage rate of $7.25 per pallet of Goods, per month, as of June 2020.

24466242 v1

11.     Shortly thereafter, Defendant and Jerich again modified the Agreement, when they agreed to an increase warehouse storage rate of $10.00 per pallet of Goods.

12.     On November 1, 2020, Defendant notified Jerich that the per pallet warehouse storage rate would increase to $20.00 per pallet of Goods, per month.

13.     Defendant and Jerich again later modified the Agreement, when they agreed to a $25.00 per pallet of Goods, per month, warehouse storage rate as of September 1, 2021.

14.     Jerich made all warehouse payments to Defendant from June 2020 to May 2023.

15.     Defendant accepted Jerich's monthly payments from June 2020 to May 2023.

16.     In or around July 2022, Liberty determined that the Goods and the pallets were in poor condition and damaged, in that, among other things, they were dirty and moldy.

17.     The Goods were damaged while warehoused by Defendant at Defendant's facility.

18.     Liberty sold some of the Goods at a devalued price due to the poor condition of the Goods.

19.     However, some of the Goods were so damaged as to be rendered completely valueless.

20.     Liberty made a claim with Jerich for damage to the Goods, along with warehousing, storage and other costs, totaling $195,845.20.

21.     The Goods were damaged while warehoused with Defendant—while in Defendant's possession and control.

22.     Jerich paid all monthly warehouse storage charges to Defendant to, among other things, store the Goods and keep the Goods in good condition.

23.     Jerich's payments to Defendant are in excess of $300,000.00.

24466242 v1

24.     Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

## COUNT ONE
### (*Breach of the Agreement*)

25.     Jerich adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully rewritten herein.

26.     Jerich and Defendant entered into the Agreement whereby, Defendant would unload, palletize, shrink wrap, cross dock, and warehouse the Goods in good condition for Liberty; Jerich agreed to pay all warehouse storage fees to Defendant.

27.     The Goods were delivered to Defendant in good condition.

28.     The Goods remained in the care, custody and control of Defendant from June 2020 to May 2023.

29.     Jerich paid monthly warehouse storage fees to Defendant, in excess of $300,000.00 for Defendant to store the Goods and keep the Goods in good condition.

30.     Jerich's customer, Liberty, found the Goods were damaged while in Defendant's warehouse and were in such a poor condition that Liberty made a claim with Jerich for the value of the Goods, along with warehousing, storage and other costs, totaling $195,845.20.

31.     Defendant did not keep the Goods in good condition.

32.     Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

## COUNT II: UNJUST ENRICHMENT
### (*Pled in the Alternative to Count I*)

33.     Jerich adopts and incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully rewritten herein.

34.     Defendant is a warehouse, engaged in the business of storing goods for hire.

4

24466242 v1

35.     Jerich's customer, Liberty, owned the Goods and needed the Goods to be warehoused for a period of time.

36.     Jerich does not own the Goods.

37.     Jerich, as a logistics corporation, arranged for Liberty's Goods to, among other things, be unloaded, palletized and stored by Defendant at Defendant's warehouse.

38.     Jerich was also to pay the storage fees charged by Defendant.

39.     Defendant was to, among other things, store the Goods and keep the Goods in good condition.

40.     The Goods were delivered to Defendant in good condition.

41.     Jerich paid monthly warehouse storage fees to Defendant, in excess of $300,000.00.

42.     Defendant voluntarily accepted Jerich's monthly payments.

43.     Defendant was enriched, receiving the benefit of monthly payments, at the expense of Jerich.

44.     The Goods were damaged while in the care, custody and control of Defendant.

45.     Defendant failed to prevent damage to the Goods.

46.     It would be against equity and good conscience to permit Defendant to be unjustly enriched when Defendant failed to prevent damage to the Goods.

47.     Jerich suffered damages related to Liberty's claim and the storage charges that Jerich paid to Defendant, in excess of $75,000.

**WHEREFORE**, Jerich USA, Inc. respectfully prays for judgment as follows:

A.     For damages related to the damage to the Goods, in an amount to be proven at trial but believed to be in excess of $75,000 plus reasonable attorney fees and costs;

B.     For prejudgment interest to the extent permitted by law; and

24466242 v1

C.      For such other and further relief as the Court may deem just and proper.

Dated:  June 4, 2024

**OF COUNSEL:**

**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**

Respectfully submitted,

*/s/ Justin M. Lovdahl*
JUSTIN M. LOVDAHL (FL No. 1008836)
ERIC LARSON ZALUD (*pro hac vice* )
CLARE R. TAFT (*pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
Email:  jlovdahl@beneschlaw.com
        ezalud@beneschlaw.com
        ctaft@beneschlaw.com

*Attorneys for Plaintiff Jerich USA, Inc.*

6

24466242 v1

## DEMAND FOR JURY TRIAL

Plaintiff Jerich USA, Inc. hereby demands a jury trial in the above-entitled action.

**OF COUNSEL:**

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Respectfully submitted,

*/s/ Justin M. Lovdahl*
JUSTIN M. LOVDAHL (FL No. 1008836)
ERIC LARSON ZALUD (*pro hac vice* )
CLARE R. TAFT (*pro hac vice* )
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
Email: jlovdahl@beneschlaw.com
        ezalud@beneschlaw.com
        ctaft@beneschlaw.com

*Attorneys for Plaintiff Jerich USA, Inc.*

24466242 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically on June 4, 2024. Notice of this

filing will be sent to all parties by operation of the Court's electronic filing system. Parties may

access this filing through the Court's system.

/s/ *Justin M. Lovdahl*
Justin M. Lovdahl (FL No. 1008836)

*One of the Attorneys for Plaintiff*
*Jerich USA, Inc*

24466242 v1