UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20697-DPG

**JERICH USA, INC.,**

    Plaintiff,
v.

**ACE TRANSPORT MIAMI, LLC,**

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss (the "Motion") [ECF No. 20]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is GRANTED.

After the Court dismissed Plaintiff's original complaint as an improper shotgun pleading, Plaintiff filed an Amended Complaint alleging claims for breach of contract (Count I) and unjust enrichment (Count II). [ECF No. 19]. Defendant subsequently filed this Motion seeking dismissal of both counts for failure to state a claim. [ECF No. 20]. Before reaching the merits of the Motion's arguments, the Court finds that the Amended Complaint constitutes a shotgun pleading because Count II impermissibly realleges and incorporates all the preceding paragraphs, including those of Count I. [ECF No. 19 at 4]. The Eleventh Circuit has long condemned this practice. *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years"). Given this deficiency, the Court finds that a dismissal without

1

prejudice is warranted here.

Even so, the Court will address Defendant's argument that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for two reasons: (1) Plaintiff's claims are vague and ambiguous; and (2) Plaintiff lacks standing to assert its claims. The Court will take each argument in turn.

### A. Plaintiff's Claims Are Not Impermissibly Vague and Ambiguous

"As the Eleventh Circuit has noted, 'the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low.'" *Mishkin v. Gurian*, No. 06-80489-CIV-RYSKAMP/VITUNAC, 2007 WL 1461797, at *1 (S.D. Fla. May 16, 2007). Plaintiff's allegations meet this threshold.

"In order to state a claim for breach of contract, a plaintiff need only allege the existence of 1) a valid contract; 2) a material breach; and 3) damages." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) (cleaned up); *JGT, Inc. v. Ashbritt, Inc.*, No.11-60320-CIV, 2011 WL 13217137, at *2 (S.D. Fla. Aug. 25, 2011). "For breach of oral contract claims specifically, plaintiffs must allege 'facts that, if taken as true, demonstrate that the parties mutually assented to "a certain and definite proposition" and left no essential terms open.'" *K3 Enterprises, Inc. v. Sasowski*, No. 20-24441-CIV, 2022 WL 1499894, at *4 (S.D. Fla. Mar. 14, 2022) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civ. Const., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999)).

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337

(11th Cir. 2012). At the motion to dismiss stage "it is enough that Plaintiffs have alleged that they conferred a benefit to Defendants to sustain an unjust enrichment claim." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 WL 3730876, at *8 (S.D. Fla. July 5, 2018) (cleaned up).

As to Count I, the Amended Complaint alleges that Plaintiff and Defendant entered into an oral agreement where Defendant would unload, palletize, shrink wrap, cross dock, and store in good condition shipments of pallets of paper products for Plaintiff and Plaintiff's customer. Pursuant to the Agreement, Plaintiff would pay all monthly warehouse storage fees to Defendant in exchange for Defendant storing the products. The Amended Complaint alleges that this agreement was breached by Defendant when the products were damaged while being stored by the Defendant. According to Plaintiff, this breach subjected Plaintiff to a claim by Liberty Paper for $195,845.20. As to Count II, the Amended Complaint alleges that: (1) Plaintiff paid Defendant over $300,000 in fees for Defendant to store the products in good condition; (2) Defendant continuously accepted the monthly payments made by Plaintiff; and (3) the products were damaged while in Defendant's care, custody, and control.

Defendant does not dispute the existence of the Agreement between it and Plaintiff for storage of the products; nor does Defendant dispute that it obtained a direct benefit by accepting over $300,000 in fees from Plaintiff for the storage of the products. Rather, Defendant takes issue with Plaintiff not specifying "how or when" Liberty made its claim to Plaintiff and "how the goods were allegedly damaged." [ECF No. 20 at 5-6]. However, but for the shotgun pleading deficiency noted at the outset, the Court finds that the Amended Complaint sufficiently pleads claims for breach of contract and unjust enrichment. *See K3*

3

*Enterprises, Inc.*, 2022 WL 1499894, at *4 (S.D. Fla. Mar. 14, 2022) (finding complaint adequately stated a claim for breach of oral contract when it alleged that defendants breached the agreement "in ways that caused losses for [plaintiff]"); *Remember Everyone Deployed Inc. v. AC2T Inc.*, No. 20-CV-62355, 2021 WL 7542978, at *6 (S.D. Fla. June 24, 2021) (finding plaintiff adequately pled breach of oral contract after sufficient facts regarding material contractual terms were alleged); *Rubinstein*, 2018 WL 3730876, at *8 (finding unjust enrichment adequately pled when plaintiff alleged that defendants were conferred a benefit); *Yormak v. Yormak*, No. 2:14-CV-33-FTM-29CM, 2014 WL 3611236, at *3 (M.D. Fla. July 22, 2014) (finding same).

B.  Plaintiff Has Standing to Bring Claims[1]

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 587 U.S. 330, 338 (2016). Said otherwise, "a party has standing to sue when it has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation." *Burger King Corporation v. E-Z Eating 8th Corp.*, No. 07-20181-CIV-COOKE/BROWN, 2008 WL 11330723, at *5 (S.D. Fla. May 22, 2008). "The focus of the standing inquiry is whether the plaintiff is the proper party to bring this suit." *Rebman v. Follett Higher Educ. Grp., Inc.*, 248 F.R.D. 624, 629 (M.D. Fla. 2008) (cleaned up).

Defendant contends Plaintiff lacks standing to bring claims for the alleged damaged

---

[1] Beyond passing conclusory statements that "Plaintiff does not have proper legal standing", Defendant fails to include any relevant authority in support of its standing argument. [ECF No. 20 at 5]. Moreover, Defendant improperly bases its standing argument on Rule 12(b)(6). *See Pulse Acquisition Corp. v. Jacksonville Inj. Ctr., LLC*, No. 3:19-CV-1192-J-34JRK, 2020 WL 5526399, at *3 (M.D. Fla. Sept. 15, 2020) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993).

products because the Amended Complaint "expressly admits" Plaintiff is not the legal owner of the products. Whether Plaintiff is the legal owner of the products is not dispositive of whether Plaintiff has standing to assert its claims.

Plaintiff alleges that it entered into an oral agreement with Defendant and that the injury it seeks to redress is premised on Defendant's breach of that agreement. Alternatively, Plaintiff alleges that it conferred a benefit to Defendant by paying Defendant monthly fees for the storage of the products in good condition. Finally, Plaintiff alleges that it has suffered a concrete economic injury that is traceable to the conduct of the Defendant. *Rife v. Newell Brands, Inc.*, 632 F. Supp. 3d 1276, 1291 (S.D. Fla. 2022) ("An economic injury is the 'epitome' of a concrete injury.") (citing *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019)). Therefore, the Court finds that Plaintiff has an interest in this litigation sufficient to satisfy the standing requirement. *See AST & Sci. LLC v. Delclaux Partners SA*, No. 20-CV-23335, 2021 WL 3639830, at *1 (S.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 20-CV-23335, 2021 WL 3634814 (S.D. Fla. Aug. 17, 2021) (rejecting standing challenge when breach of contract claim was premised on parties' agreement); *Randy Rosenberg, D.C., P.A. v. Geico Gen. Ins. Co.*, No. 19-CV-61422, 2019 WL 3886160, at *4 (S.D. Fla. Aug. 19, 2019) (finding plaintiff had standing to sue under contract because plaintiff alleged defendant paid them less than money owed and if plaintiff prevailed it would be entitled to the remainder of money owed); *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1297-1300 (S.D. Fla. 2017) (holding that alleged overpayment, loss of value, and loss of usefulness was sufficient to establish standing to bring claim for unjust enrichment); *Masforce Eur., BVBA v. Mastry Marine & Indus. Design, Inc.*, No. 8:11-CV-1814-T-24AEP, 2013 WL 12156533, at *6 (M.D. Fla. Oct. 24, 2013) (finding plaintiff had standing to bring

breach of contract claim because it successfully asserted that it was a party to the contract).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, [ECF No. 20], is **GRANTED**. Plaintiff's Amended Complaint, [ECF No. 19], is **DISMISSED without prejudice**. Within ten (10) days of this Order, Plaintiff shall file a Second Amended Complaint which cures the shotgun pleading deficiency.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of August, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record